**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**LESTER TOLIVER,**

*Petitioner*,

v.

**UNITED STATES OF AMERICA,**

*Respondent*.

Civ. No. 2:26-cv-03113-BCL-atc
Cr. No. 2:25-cr-20402-BCL-1

---

**ORDER DENYING EMERGENCY MOTION FOR IMMEDIATE RELEASE AND DIRECTING CLERK TO MAIL FORM**

---

On August 27, 2026, Petitioner Lester Toliver, an inmate who is assigned Federal Bureau of Prisons ("BOP") register number 27463-076,[1] -- filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Doc. 2. On October 28, 2026, Toliver filed an Emergency Motion Requesting Immediate Release due to "incorrect … calculation [of] credits" because "[t]he months the movant is unfortunately missing [] [a]re August, September, and October." Doc. 10 at 1. For the reasons explained below, the Motion requesting immediate release is **DENIED**.

Federal courts may issue writs of habeas corpus when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where, as in the Motion, an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant [] is challenging the manner in which the sentence was being executed, rather than the validity of the

---

[1] *See* https://www.bop.gov/inmateloc/ (BOP inmate locator website) (inmate register number 27463-076) (last accessed Oct. 30, 2026); *see also* Doc. 10-3 at 1.

sentence itself, Section 2255 does not apply."); *see Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam) (§ 2241 addresses the execution of a federal sentence). To the extent Toliver seeks to receive pretrial credit or challenge a sentence calculation, the appropriate vehicle for seeking relief is a § 2241 habeas petition.

28 U.S.C. § 2241(a) provides that district courts may only grant writs of habeas corpus "within their respective jurisdictions." *Wooten v. United States*, No. 23-1072, 2023 WL 5519152, at *2 (6th Cir. Aug. 23, 2023) ("When a habeas corpus petitioner challenges his 'present physical confinement,' [] jurisdiction lies in only one district: the district of confinement."). The law is clear that the proper venue for a § 2241 petition is the judicial district where the petitioner is confined or where his custodian is located. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Wright v. U.S. Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those district courts within whose territorial jurisdiction the custodian is located.").

Toliver is not confined in this jurisdiction.[2] The proper venue for a § 2241 petition filed by Toliver would be the United States District Court for the Eastern District of Kentucky. *See* 28 U.S.C. § 97(a). After the exhaustion of administrative remedies, Toliver may file a § 2241 petition in that court.

[2] *See* https://www.bop.gov/inmateloc/ (inmate register number 27463-076) (last accessed Oct. 30, 2026).

Therefore, this Motion is **DENIED**. The Clerk shall mail Toliver a form for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (AO 242). (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/2241form.pdf (last accessed Oct. 29, 2026).

**IT IS SO ORDERED** this 2nd day of November, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE